## THE STATE OF TEXAS vs. WELLS.

Appeal from Travis county.

*Official Bond.*—This suit like that of same caption, reported in full was brought by the State upon the bond of an alleged defaulting tax collector. On the trial below judgment was rendered for defendants upon the ground that the bond was insufficient and of no effect. Held that the judgment was correct. Our law requires that bonds of this character shall be approved not only by the commissioners courts but as well by the state comptroller. In this case the bond was rejected by the comptroller. It follows that the bond was materially defective and not such as would support a judgment. Affirmed. Watts, Commissioner. Adopted.

## SCALF vs. TOMPKINS.

Appeal from Collin county.

*Reconvention*—The old and the revised statutes upon the subject do not conflict, and it was provided in the old, that the plea in reconvention was valid in cases where the defendant has a claim against the plaintiff similar in nature (though they need not be of the same degree) to that upon which the suit is founded.

*Same—Recovery.*—The right to recover in such suit does not depend upon the money character of the claim sued on.

*Same—Pleading*—Under our system of jurisprudence, all matters touching the cause of action, which under that law may be pleaded in reconvention, may be alleged in an answer.

*Same.*—The plea in reconvention under 7 Tex., 205, and 5 Tex., 506, is not confined to cases wherein the original suit was on a moneyed demand, but may be interposed in any case where the matter pleaded comes within the definition in art. 605, Rev. Stat.

*Same—Pleading—Practice.*—Second objection to the plea in reconvention was well taken because after discovering the defect in the machinery, the defendant had the right to rescind within a reasonable time, or retain and sue for damages, or recoup them in a suit for purchase money. It appears that while he offered to rescind, at the request of plaintiff he retained the machinery and used it, plaintiff agreeing to pay any damage he might sustain by reason